Town of Lincoln *vs.* Thomas T. Giles.

Middlesex.    October 2, 1944. — October 25, 1944.

Present: Field, C.J., Lummus, Qua, Ronan, & Spalding, JJ.

*Zoning. License. Equity Jurisdiction,* Zoning enforcement, Laches. *Laches. Municipal Corporations,* Officers and agents. *Equity Pleading and Practice,* Decree. *Lincoln.*

The zoning by-law of Lincoln, prohibiting the use of premises in single residence districts for business, was violated by a use of premises in such a district for the storage of second hand motor vehicles which the landowner "bought for the purpose of reassembling the parts" and for a business of buying, selling, exchanging and assembling second hand motor vehicles.

The granting to a landowner of a license respecting second hand motor vehicles under G. L. (Ter. Ed.) c. 140, § 59, as amended, did not justify his using his premises for a second hand motor vehicle business covered by the license where such use was in violation of provisions of the local zoning by-law prohibiting business in a single residence district.

Delay of a town officer in proceeding against a landowner who had been conducting a business in violation of the town's zoning by-law during several years, in three of which he was doing so in accordance with a license granted him by the selectmen, would not bar the town from maintaining a suit in equity against him for enforcement of the by-law.

In a decree in equity enjoining, as in violation of a municipal zoning by-law, the conducting on certain premises of a "business of buying, selling, exchanging, assembling or storing second-hand motor vehicles or parts," the word "storing" was directed to commercial storage of vehicles which the trial judge found the defendant "bought for the purpose of reassembling the parts," and need not be struck out.

BILL IN EQUITY, filed in the Superior Court on July 7, 1943, for an injunction against an alleged violation of the plaintiff's zoning by-law.

The suit was heard by *Donahue,* J.

*V. C. Harnish,* for the defendants.

*S. R. Wrightington,* for the plaintiff.

RONAN, J. Upon the adoption, in 1929, by the town of a zoning by-law, the defendant's premises, which were not then used for any business purpose, became located in a single residence district and by virtue of the by-law could not thereafter be used for the purpose of conducting any business thereon. The defendant began in 1933 and has since continued to use his premises for the storage of second hand motor vehicles which he "bought for the purpose of reassembling the parts thereof," and since 1939 he has conducted on the locus the business of buying, selling, exchanging and assembling second hand motor vehicles. The defendant appealed from a final decree enjoining him from conducting the "business of buying, selling, exchanging, assembling or storing second hand motor vehicles or parts" upon the said premises.

This appeal comes here without a transcript of the evidence but with a report of the material facts, the pertinent portions of which we have already recited. Those facts are consistent with each other, and, as the decree which was entered was within the scope of the bill and was required by the facts reported, there was no error. *Lexington* v. *Bean,* 272 Mass. 547. *Lincoln* v. *Murphy,* 314 Mass. 16. *Marblehead* v. *Rosenthal,* 316 Mass. 124.

The granting by the selectmen under G. L. (Ter. Ed.) c. 140, § 59, as amended, of a license of the third class described in § 58 from 1939 to 1942 did not authorize his conducting upon the premises a business described in that license in violation of the zoning by-law. G. L. (Ter. Ed.) c. 40, § 29, as appearing in St. 1933, c. 269, § 1. *Commonwealth* v. *Ellis*, 158 Mass. 555. *Beane* v. *H. K. Porter, Inc.* 280 Mass. 538. *Milton* v. *Donnelly*, 306 Mass. 451, 458.

The delay of the building inspector, if there was a delay, in proceeding against the defendant after he began to use his premises for a purpose not permitted by the by-law does not bar the town from enforcing the by-law. The plaintiff town brings this bill not to enforce some private or proprietary right but as a governmental agency to protect the public interest; and if, as the defendant urges, but we do not decide, there was delay by a public official in bringing proceedings against him, that delay cannot be imputed to the plaintiff. *Stoughton* v. *Baker*, 4 Mass. 522. *County Commissioners of Hampshire, petitioners*, 143 Mass. 424. *Attorney General* v. *Methuen*, 236 Mass. 564, 578, 579. *Selectmen of Westwood* v. *Dedham & Franklin Street Railway*, 209 Mass. 213. *United States* v. *Commissioner of Banks*, 254 Mass. 173.

The defendant contends that the final decree should be modified by striking out the provision enjoining him from conducting the business of storing second hand motor vehicles or parts as there was no finding that he has stored motor vehicles of others for hire and because the provision was too indefinite to enforce. The judge expressly found that the premises have been used since 1933 for the storage of second hand motor vehicles which the defendant had bought for the purpose of reassembling the parts thereof. It is to this commercial use of the property that the provision is directed, and it is couched in language sufficiently clear to enable the defendant to understand that such a use cannot be made of his premises. *Stodder* v. *Rosen Talking Machine Co.* 247 Mass. 60. *New England Novelty Co. Inc.* v. *Sandberg*, 315 Mass. 739, certiorari denied, 323 U. S. 740.

*Decree affirmed with costs.*