CARNEGIE INSTITUTE OF MEDICAL LABORATORY TECHNIQUE, INC. *vs.* APPROVING AUTHORITY FOR SCHOOLS FOR TRAINING MEDICAL LABORATORY TECHNOLOGISTS & another.

Suffolk.    December 10, 1965. — December 30, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Statute,* Enactment. *General Court. Res Judicata. Public Officer. Laches. Equity Pleading and Practice,* Parties, Declaratory proceeding. *Attorney General.*

Where an amendment to a legislative bill was proposed by the House of Representatives, rejected by the Senate, and finally withdrawn following a conference committee report, and the bill was passed to be engrossed without the amendment, but the bill as engrossed and signed by the Speaker of the House and the Senate President and approved by the Governor contained the amendment, the purported statute was a nullity. [29–30]

A suit in equity by a nonprofit corporation for a declaratory decree as
to the validity of G. L. c. 112, § 2B, as inserted by St. 1955, c. 759,
and the legality of the membership of the defendant Approving Author-
ity for Schools for Training Medical Laboratory Technologists consti-
tuted pursuant thereto was not barred by the decree in an earlier suit
by the corporation against the authority where it appeared that the sub-
ject matter of the earlier suit had been exclusively the validity of a
hearing conducted by the authority in passing upon an application by
the corporation for approval as a school for training medical laboratory
technologists. [30]
The members of the Approving Authority for Schools for Training Medi-
cal Laboratory Technologists appointed pursuant to G. L. c. 112, § 2B,
purportedly inserted by void St. 1955, c. 759, had no standing as
de facto officers. [30]
A suit in equity under G. L. c. 231A for a declaratory decree as to the
validity of a statute affecting public rights was not barred on the ground
of laches. [30]
The Attorney General was improperly joined as a party to a suit in equity
under G. L. c. 231A for a declaratory decree as to the validity of a stat-
ute where the bill did not allege any act by him. [31]

BILL IN EQUITY filed in the Superior Court on April 4,
1963.

The suit was heard by *Chmielinski,* J.

*David, Lee Turner,* Assistant Attorney General, for the
defendants.

*Kirk S. Giffen* for the plaintiff.

*Avram G. Hammer & Worth N. Yoder,* of Indiana, for
American Medical Technologists, amicus curiae, submitted
a brief.

WILKINS, C.J.   In this bill for declaratory relief under
G. L. c. 231A the plaintiff is Carnegie Institute of Medical
Laboratory Technique, Inc., a Massachusetts nonprofit cor-
poration, and the defendants are Approving Authority for
Schools for Training Medical Laboratory Technologists
and the Attorney General.   The bill seeks a binding decla-
ration as to the validity (1) of G. L. c. 112, § 2B, inserted
by St. 1955, c. 759, and (2) of the acts of the authority ap-
pointed pursuant thereto, which include disapproval of the
plaintiff as a school for training medical technologists.
There is a prayer for injunctive relief against further legal
action by the defendants.   The case was heard by a judge,
who filed findings and rulings and entered a final decree

declaring that the membership of the authority was illegally constituted and that its acts are void, and enjoining the authority from proceeding with any legal action affecting the plaintiff. The authority appealed. The evidence is reported.

On September 9, 1955, House Bill No. 3083 was passed to be enacted by the House of Representatives and by the Senate. 1955 House Journal, p. 2348. 1955 Senate Journal, pp. 1713, 1714. On the same date, what was "reported by the committee on Engrossed Bills to be rightly and truly engrossed"[1] as House Bill No. 3083 was signed by the Speaker of the House and the Senate President, and laid before the Governor. 1955 House Journal, p. 2348. 1955 Senate Journal, pp. 1713, 1714. The Governor approved this engrossed bill on September 10, 1955. Subsequently, the bill as engrossed was returned to the Secretary of the Commonwealth as St. 1955, c. 759. The contents of the statute are the subject of controversy here. The first paragraph of the engrossed bill is set forth in the margin.[2] The words in supplied italics do not appear in St. 1955, c. 759, and G. L. c. 112, § 2B.

The judge found that on September 12, 1955, the dean of the plaintiff received from the office of the Secretary of

---

[1] G. L. c. 3, § 23. "Bills and resolves passed to be engrossed by the general court . . . shall, under the direction of the state secretary, be fairly engrossed on parchment or parchment paper in a plain and legible handwriting, written by a typewriting machine, or printed, without interlineation. . . ."

[2] "No person shall operate or maintain a school for training medical laboratory technologists unless such school has been approved in writing by the approving authority established by section two, provided, however, that for the purposes of this section only, the membership of said authority shall be increased by three members to be appointed for a term of three years each by the governor with the advice and consent of the council, one member to be a hospital administrator or hospital trustee, who shall be a member of the Massachusetts Hospital Association; one member to be a medical laboratory technologist meeting the training and experience requirements of the American Medical Association, to be appointed from a list submitted by the Massachusetts Association of Technologists and Laboratory Technicians, Incorporated; and one member to be a physician, appointed from a list submitted by the section of physiology and pathology of the Massachusetts Medical Society *and a director of a private school of medical laboratory technology that has been approved by the American Association of Medical Technology Schools for a period of three years.* Said additional members shall serve without compensation, but may be reimbursed for their travel and other reasonable expenses incidental to the performance of their duties."

State certified copies of the bill, one of which, admitted in evidence as exhibit 1, contains the italicized words. About two weeks later the executive director of the plaintiff read a printed copy of c. 759 and noted that the disputed words did not appear. He went to the Secretary's office and talked with the engrossing clerk. He asked for the engrossed bill and directed attention to the fact that certain lines had been deleted or "X'd out." The clerk explained that one of the defendant members of the approving authority and another individual appeared in her office after the bill had been enacted, engrossed, and signed, and had insisted upon the deletion of the phrase, whereupon she altered the bill. Admitted in evidence as exhibit 2 is a certified copy of the act issued by the Secretary's office which does not contain the disputed words. We do not rely on this oral testimony as to the alteration.

The judge held that the act as presently appearing as St. 1955, c. 759, and as G. L. c. 112, § 2B, "is not the act enacted, engrossed and signed into law by the legislature and governor"; that "a material alteration or deletion was made without cloak of legality"; and that the membership of the authority "is illegally constituted."

We deem it important to set forth how the confusion originated. This we do by turning to the House and Senate journals, the correctness of which in these respects is not questioned. It there appears that the disputed words were contained in an amendment proposed by the House but rejected by the Senate, and finally withdrawn following a conference committee report. See 1955 House Journal, pp. 301, 2028, 2052, 2077–2078, 2171–2172, 2247–2249, 2301–2302, 2329, 2348; 1955 Senate Journal, pp. 1484, 1568–1569, 1585–1586, 1665–1666, 1695, 1713–1714. We are not sure whether the Attorney General's brief would deny to the courts the power to ascertain these facts.

1. The judge's rulings were correct. The bill which was signed by the presiding officers of the two branches of the Legislature and approved by the Governor was palpably not the one passed to be engrossed. The bill as passed to

be engrossed was never enacted or approved by the Governor and was a nullity. Constitution of Massachusetts, Part II, c. 1, § 1, art. 2. See *Horton* v. *Attorney Gen.* 269 Mass. 503, 507–508.

2. The defendant authority contends that the present bill is barred by the judge's order in the other case of the same name, argued with the present suit and decided this day. See *Carnegie Institute of Medical Laboratory Technique, Inc.* v. *Approving Authority for Schools for Training Laboratory Technologists, post,* 761. In particular, the argument is that in that case there were raised the same issues as to the legality of St. 1955, c. 759, and the legality of the approving authority. The subject of that petition was the validity of the hearing conducted by the authority under G. L. c. 112, § 2, and whether there had been a violation of G. L. c. 30A, the State Administrative Procedure Act. The only references to the status of the approving authority under St. 1955, c. 759, were in a motion to remand and in a motion to amend the petition. Both motions were denied by the trial judge. Consequently, the subject matter of the earlier hearing was exclusively the validity of the acts of the authority in disapproving the petitioner's application. Obviously, the earlier hearing constitutes no bar to the maintenance of the present case. *Hanzes* v. *Flavio,* 234 Mass. 320, 329. *Marcus* v. *Richardson,* 299 Mass. 11, 13.

3. There is no merit to the contention that the individual members of the approving authority, if not de jure, were de facto officers. *Apice* v. *American Woolen Co. Inc.* 74 R. I. 425, 435–436. Cooley, Constitutional Limitations (7th ed.) 898.

4. Laches does not run against public rights. *Lincoln* v. *Giles,* 317 Mass. 185, 187. *Sears* v. *Treasurer & Recr. Gen.* 327 Mass. 310, 326.

5. We hardly need point out that our decision relates solely to the illegality of the existence of the approving authority and in no way is an intimation as to the soundness of its decision.

6. There is no allegation of any act by the Attorney General. He was improperly joined as a party. *City Manager of Medford* v. *Civil Serv. Commn.* 329 Mass. 323, 330. *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 315n. G. L. c. 231A, § 8.

7. The final decree is to be modified by dismissing the bill as against the Attorney General and, as so modified, is affirmed.

*So ordered.*