BOARD OF HEALTH OF HOLBROOK *vs.* STANLEY A. NELSON & another.[1]

Norfolk.    May 2, 1966. — June 6, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Dump.  Fire Control.  Laches.  Equity Jurisdiction,* Laches. *Words,* "Rubbish," "Refuse."

Debris made up chiefly of lumber from demolished buildings, but including large quantities of brick, plaster, wire lath, pipe, and, occasionally, refrigerators, tires and ashes, was "rubbish or other refuse" within G. L. c. 111, § 150A, and could not be deposited in any place unless the municipal board of health had assigned such place as a dumping ground. [19]

---

[1] John J. Duane Company, Inc.

Compliance with the provisions of G. L. c. 48, § 13, respecting open air
fires and the burning of demolition debris at a site used as a dumping
ground did not dispense with the requirement of c. 111, § 150A, that the
site be assigned as a dumping ground by the municipal board of health.
[19]

The doctrine of laches is inapplicable to the enforcement of State law by a
municipal board of health.   [19]

BILL IN EQUITY filed in the Superior Court on March 29,
1965.

The suit was heard by *Spring*, J., upon a master's report.

*Robert L. Schneider*, for the defendants, submitted a
brief.

*Andrew H. Card* for the plaintiff.

KIRK, J.   The defendant John J. Duane Company, Inc.
(Duane), whose business is the demolition of buildings, is
the lessee of five acres of a forty-seven acre tract owned by
the defendant Nelson.   The plaintiff board, under G. L.
c. 111, § 150A, seeks to enjoin Duane from using, and Nelson
from permitting the use of, the leased land in Holbrook as
a dumping ground.   The master to whom the case was re-
ferred concluded that the defendants were using the site as
a dumping ground in violation of G. L. c. 111, § 150A.[2]   The
defendants appeal from a decree granting the injunction.

The master found the following: Since June 17, 1964,
Duane has daily deposited on the site twenty-five to thirty-
five loads of debris, each load consisting of five to seven
tons.   Although the debris was made up chiefly of lumber
from demolished buildings, it included large quantities of
brick, plaster, wire lath, pipe, and, occasionally, refrigera-
tors, tires and ashes.   The site was never assigned as a
dumping ground by the board of health.   The town's fire
chief, acting under G. L. c. 48, § 13, as amended by St. 1964,
c. 303,[3] at Nelson's request on Duane's behalf, granted per-

[2] "No place in any city or town shall be . . . maintained by any person
. . . as a dumping ground for garbage, rubbish or other refuse . . . unless
such place has been assigned by the board of health . . . as a dumping ground
. . . ."   The statute gives the Superior Court jurisdiction in equity to enforce
its provision.

[3] "No person shall . . . maintain . . . a fire in the open air at any time
except by permission, covering a period not exceeding two days . . . granted
by the . . . chief of the fire department . . . .   The . . . chief . . . in the
case of a permit for a demolition burning may make it a condition . . . that
sufficient fire department personnel . . . be present."

mission, if weather conditions were suitable, to burn the debris in the open air for two days at a time. Fire control measures were imposed as a condition to the permission. Unburned materials were removed when the fires were extinguished.

The defendants contend that (1) demolition debris is not "garbage, rubbish or other refuse" as specified by G. L. c. 111, § 150A, and therefore the site is not a dumping ground requiring an assignment as such by the board under § 150A; (2) G. L. c. 48, § 13, as amended, relating to open air fires, governs exclusively the burning of demolition debris, and the requirements of the statute have been met; and (3) the plaintiff's bill is barred by laches.

The contentions are without merit.

(1) Whether with or without noncombustibles, the deposited debris was "rubbish or other refuse" under any definition of either word, *Mile Road Corp.* v. *Boston,* 345 Mass. 379, 382–383, and therefore the use of the site for the deposit of the named materials made it a dumping ground within G. L. c. 111, § 150A. As such it could not lawfully be established or maintained unless assigned by the board of health. (2) General Laws c. 48, § 13, as amended, does not remove demolition dumps from the provisions of G. L. c. 111, § 150A. It forbids outdoor burning anywhere, including at an assigned dump, without permission of the fire chief. It provides that, when the burning of demolition material is to be done anywhere, additional safeguards may be imposed by the fire chief under G. L. c. 48, § 13. Permission to burn under the latter statute does not dispense with the requirement of G. L. c. 111, § 150A, that the site be assigned as a dumping ground by the board of health. (3) The defence of laches is not available to the defendants where the proceeding is brought by an authorized public agency to enforce the laws of the Commonwealth. *Lincoln* v. *Giles,* 317 Mass. 185, 187. See *Everett* v. *Capitol Motor Transp. Co. Inc.* 330 Mass. 417, 421.

*Decree affirmed with costs of appeal.*