REGISTRAR OF MOTOR VEHICLES *vs.* BOARD OF APPEAL ON
MOTOR VEHICLE LIABILITY POLICIES AND BONDS.

Suffolk.   September 9, 1980. — February 13, 1981.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Motor Vehicle,* License to operate.  *Registrar of Motor Vehicles,* Revoca-
tion of license to operate, Appeal.  *Board of Appeal on Motor Vehicle
Liability Policies and Bonds.  Statute,* Construction.

Under G. L. c. 90, § 28, the Board of Appeal on Motor Vehicle Liability
Policies and Bonds in its discretion may affirm, modify, or annul ac-
tions taken by the Registrar of Motor Vehicles pursuant to the manda-
tory revocation provisions of c. 90, § 22F.  [593-595]

CIVIL ACTION commenced in the Superior Court on
March 31, 1976.

The case was heard by *Connolly,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Gerald J. Caruso,* Assistant Attorney General, for the
plaintiff.

*John F. Haddigan,* Special Assistant Attorney General
(*Bruce N. Sacher* with him) for the defendant.

QUIRICO, J.  This is an appeal by the Registrar of Motor
Vehicles (registrar) from a judgment of the Superior Court
upholding a decision issued by the Board of Appeal on
Motor Vehicle Liability Policies and Bonds (board).

We summarize the facts.  In November, 1975, the regis-
trar revoked the license of Douglas Kirk for four years be-
cause he found Kirk to be an habitual traffic offender under
G. L. c. 90, § 22F.  Kirk appealed the revocation of his li-
cense to the board under G. L. c. 90, § 28.[1]  In January,

---

[1] The registrar had previously revoked Kirk's license because, on the
basis of Kirk's convictions for motor vehicle offenses enumerated in G. L.

382 Mass. 592                                           593

Registrar of Motor Vehs. v. Board of Appeal on Motor Veh. Liability Policies & Bonds.

1976, the board ordered Kirk's license restored for daytime operation. The registrar restored Kirk's partial right to operate shortly after the board's decision.

Pursuant to G. L. c. 30A, § 14, the registrar sought review of the board's decision in the Superior Court. The judge affirmed the board's decision to modify the registrar's revocation order. We transferred the case to this court on our own motion.

General Laws c. 90, § 22F, as amended through St. 1977, c. 560, provides that "[a] person shall be deemed an habitual traffic offender when records maintained by the registrar show that such person has accumulated" three convictions of any of a series of motor vehicle offenses which are enumerated in § 22F. The statute is applicable as long as the convictions have occurred within a five-year period. "When the records of the registrar on any person contain reports of such convictions as will constitute such person an habitual traffic offender" the registrar shall hold a show cause hearing as to why such person should not be designated an habitual traffic offender. The statute provides a procedure whereby the registrar can refer to the court by which the conviction was reported any claim by the licensee that the convictions attributable to him in the registrar's records did not occur, and the court can conduct a hearing as to the existence of the conviction. G. L. c. 90, § 22F.

Section 22F further provides that if the registrar finds that the licensee is not the same person named in the records of conviction or that he is otherwise not an habitual traffic offender under § 22F, no action shall be taken; but if the registrar finds that the licensee is the same person named in the record of conviction and is an habitual offender, the registrar shall immediately revoke his license and shall not rein-

---

c. 90, § 22F, he deemed Kirk to be an habitual traffic offender. Upon Kirk's appeal to the board, the board ordered Kirk's license restored, stating that the length of time between the last conviction and the revocation — one and a half years — was too long. Kirk was subsequently convicted of additional motor vehicle offenses, giving rise to the revocation at issue here.

state it for four years.[2]  One year after revocation the licensee may petition the registrar for reinstatement on hardship grounds and the registrar may reinstate the license on such terms and conditions as he deems appropriate and necessary. Finally, the statute provides that a licensee may appeal any order of the registrar under § 22F to the Superior Court.[3]

The registrar argues that because § 22F requires mandatory revocation of the license of an individual deemed to be an habitual traffic offender, the board has only a limited power of review over that revocation.  This argument has been answered by our decision today in *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds, ante* 580 (1981).  There we held that, upon appeal, G. L. c. 90, § 28, allows the board in its discretion to affirm, modify or annul any actions taken by the registrar pursuant to the mandatory revocation provisions of G. L. c. 90, § 24 (2).  We hold that the same principle applies to mandatory revocations under § 22F.

The registrar further argues that the "habitual offender" statute, enacted in 1971, subsequent to the most recent amendment to the appeals statute, G. L. c. 90, § 28, as appearing in St. 1950, c. 536, evidences a legislative intent that the board may not modify license revocations mandated by § 22F unless the registrar was factually or legally incorrect in his application of the statute.  The argument assumes that the later enacted statute impliedly narrows the power of review granted to the board in G. L. c. 90, § 28. We observe that the assumption is inconsistent with the language of the "habitual offender" statute as enacted. Statute 1971, c. 1033, which enacted G. L. c. 90, § 22F, provided further in § 3 thereof:  "Nothing in this act shall be

---

[2] In addition, the licensee, prior to reinstatement, must complete a driver training course and pass an examination.  G. L. c. 90, § 22F.

[3] In the instant case, the licensee chose to appeal to the board under G. L. c. 90, § 28.  The registrar does not argue that an appeal directly to the Superior Court under § 22F is the exclusive method of review of the registrar's action and concedes for purposes of this appeal that an appeal can be taken either to the Superior Court or the board.

construed as amending, modifying or repealing any existing law of the commonwealth or any existing ordinance of any political subdivision thereof relating to the operation of motor vehicles, the licensing of persons to operate motor vehicles or providing penalties for the violation thereof; nor shall it be construed so as to preclude the exercise of the regulatory power of any division, agency, department or political subdivision of the commonwealth having the statutory authority to regulate such operation and licensing."

In this case, as in *Registrar of Motor Vehicles, supra,* the registrar raised before us two issues not raised in the Superior Court. Therefore our disposition is the same as in that case, and we remand the case to the Superior Court with instructions to enter a new judgment affirming the decision of the board twenty (20) days after this remand, unless within said twenty days the registrar moves in the Superior Court to reopen the case and have the board file a statement of reasons and a further record. The further record should be sufficient to allow the court to determine whether the board's decision meets the standards set forth in G. L. c. 30A, § 14 (7). Should the case be reopened, Kirk shall have the right to intervene. See G. L. c. 30A, § 14 (2).

*So ordered.*