JOSEPH A. GILMORE *vs.* REGISTRAR OF MOTOR VEHICLES. May 15, 1986. *Injunction. Motor Vehicle,* License, Operation, Habitual traffic offender. *Jurisdiction,* Judicial review of suspension of motor vehicle license.

Between September 2, 1980, and September 27, 1984, the plaintiff was convicted twelve times of illegal speeding (the dates of the particular convictions are set out in the margin[1]). By G. L. c. 90, § 22F, first par., as amended through St. 1977, c. 560, a person may be found an habitual traffic offender, and suffer suspension of his driving license, when he has accumulated, within a five-year period, "twelve or more convictions of offenses . . . for which the registrar is authorized or required to suspend or revoke the person's license . . . for a period of thirty days or more . . . ." Here the registrar, following the statute and finding the twelve violations, acted on June 19, 1985, to declare the plaintiff an habitual offender and to suspend his license. The plaintiff sought review by the Board of Appeal on Motor Vehicle Liability Policies and Bonds; see G. L. c. 90, § 28. On August 28, 1985, the board affirmed the Registrar's action, and on September 30, 1985, the plaintiff commenced the present action in Superior Court, see G. L. c. 30A, § 14, naming the Registrar as the party defendant and demanding, in effect, the invalidation of the suspension order.

Simultaneously, or nearly so, with filing his complaint, the plaintiff applied in the Superior Court action for a preliminary injunction that would relieve him pendente lite of the suspension order. This a judge of the Superior Court denied on October 4, 1985. A single justice of our court denied a like application on November 21, 1985. The instant appeal is taken from the former denial; see G. L. c. 231, § 118, second par.

For a number of reasons, the appeal fails. The plaintiff's attempted demonstration of irreparable injury consisted merely of the assertion in his verified complaint that he was an automobile dealer. No details were furnished.[2] The assertion, such as it was, had to be viewed in relation to the

---

[2] The plaintiff did not appeal from the judge's holding against him on a claim founded upon G. L. c. 93A.

[1] September 2 and 20, 1980; April 27, June 18, August 28, and October 14, 1981; January 1 and 18, and September 29, 1982; August 30 (two convictions), and September 27, 1984.

[2] Counsel for the plaintiff attempted to flesh out the assertion somewhat in his brief. We disregard this irregular unsworn statement.

public interest in lawful and safe driving on the highways. Cf. *Commonwealth* v. *Mass. CRINC*, 392 Mass. 79, 89 (1984). It must also be considered in connection with the fact that the suspension order, although stated under § 22F, third par., to run for four years, may, pursuant to the statute, be relaxed by the Registrar on the "sole grounds of hardship" after the expiration of one year. *Id.* This administrative dispensing power would not necessarily exclude judicial interlocutory relief, but does make against it (and especially so as the suspension order now approaches its first anniversary).

On the substantive side, the plaintiff argues that the predicate for an application of § 22F did not exist, but his ultimate success on this point is very doubtful. As noted, the statute speaks of twelve convictions of offenses for which the Registrar may suspend or revoke a license. The plaintiff points out that by G. L. c. 90, § 20, fourth par., and § 17, a third or subsequent conviction of speeding within the same year must have occurred to warrant loss of license for thirty days; whence it follows, according to the plaintiff, that § 22F looks, not to twelve violations, but to thirty-six (or perhaps more) within the five years. But it appears more plausible to say that § 22F simply refers to convictions of offenses of a kind, e.g., speeding, that fall within the reach of the license revoking procedure of § 20, fourth par.[3]

We may add, although decision need not rest on the point, that jurisdiction conceivably may fail in the Superior Court because the period for commencing the action — thirty days following receipt of notice of the board's final decision — may have been exceeded (decision August 28, action begun September 30); see G. L. c. 30A, § 14(1). Incidentally, the proper party defendant in the action may be the board, which took the last administrative action, rather than the Registrar, although § 22F does in terms refer to court review of the action of the Registrar.

Thus the plaintiff did not sufficiently show irreparable injury or a prospect of success, and interlocutory relief was properly denied. See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 616-618 (1980).

The order of the judge of the Superior Court denying a preliminary injunction is affirmed.

*So ordered.*

*James M. Brady* for the plaintiff.
*Charles E. Walker, Jr.*, Assistant Attorney General, for the defendant.

_____

[3] The plaintiff offers another interpretation of § 22F that might call for fourteen (or more) convictions, but this is likewise very doubtful.