PAUL M. ANDONIAN *vs.* REGISTRAR OF MOTOR VEHICLES & ANOTHER.[1]
No. 88-P-1284. AUGUST 30, 1990. *Motor Vehicle*, License to operate, Operation, Habitual traffic offender. *Registrar of Motor Vehicles*, Revocation of license to operate. *Statute*, Construction. *Civil Rights*, Availability of remedy.

After the defendant board affirmed the decision of the Registrar of Motor Vehicles (registrar) revoking the plaintiff's license to drive as he was an habitual traffic offender, the plaintiff brought a complaint in the Superior Court under G. L. c. 30A, § 14, and 42 U.S.C. § 1983 (1982). He claimed that he did not have the requisite number of motor vehicle convictions to be deemed an habitual traffic offender and that the board's failure to provide him with a detailed statement of reasons for its decision violated his civil rights. The judge affirmed the board's decision and dismissed the civil rights claim. The plaintiff's appeal fails, and we affirm the judgment.

1. *Revocation of the plaintiff's license.* On April 4, 1988, the registrar notified the plaintiff that his driver's license was being revoked on the basis that he was an habitual traffic offender in that he had been convicted of thirteen specified traffic offenses within a five-year period.

As here pertinent, G. L. c. 90, § 22F, as amended through St. 1977, c. 560, provides: "A person *shall* be deemed an habitual traffic offender when records maintained by the registrar show that such person has accumulated the following convictions within a five-year period . . .: twelve or more convictions of offenses which are required by any provision of law to be reported to the registrar and for which the registrar is authorized *or* required to suspend or revoke the person's license or right to operate motor vehicles for a period of thirty days or more . . ." (emphases supplied). The plaintiff does not dispute the fact that he has accumulated over twelve convictions within five years.

It is the plaintiff's argument that although his six speeding convictions were properly within the registrar's tally, his seven convictions for failure to stop or otherwise comply with signs of the Department of Public Works were, as matter of law, erroneously included in the count. This claim is based upon his assertion that the registrar is neither authorized nor required to suspend or revoke his license for thirty days or more for a failure to stop or otherwise comply with traffic signs. See G. L. c. 89, § 9.

Authority for the registrar to revoke the plaintiff's license for any one of these seven offenses is found in G. L. c. 90, § 22(*a*) and (*b*), as amended through St. 1974, c. 96. Subsection (*a*) authorizes suspension or revocation where the license holder "has committed a violation of the motor vehicle laws of a nature which would give the registrar reason to believe that continuing operation by such holder is and will be so seriously improper as to constitute an immediate threat to the public safety." Like action by the registrar is authorized under subsection (*b*) "when he has reason to believe

---

[1]Board of Appeal on Motor Vehicle Liability Policies and Bonds.

the holder thereof is an incompetent person to operate motor vehicles, or is operating a motor vehicle improperly." We think that one or more convictions for a failure to stop or otherwise to obey traffic signals could constitute an "immediate threat to the public safety" or improper operation of a motor vehicle. Compare *Wall* v. *Registrar of Motor Vehicles*, 329 Mass. 70, 73 (1952). Section 22F does not require that the registrar first exercise his authority to suspend or revoke a license on account of one motor vehicle conviction before that conviction may be included in the required number of twelve. Cf. *Gilmore* v. *Registrar of Motor Vehicles*, 22 Mass. App. Ct. 920, 921 (1986).

The defendant argues that to read § 22 into § 22F would make the language of the latter provision (offenses "for which the registrar is authorized to suspend or revoke the person's license . . . for a period of thirty days or more") superfluous, contrary to rules of statutory construction. In our view, the two provisions, § 22 and § 22F, when read together, strike an appropriate balance between the importance of one's license to drive and the maintenance of safe public ways. Section 22 *permits* the registrar to revoke a license for one offense and § 22F provides, in effect, that twelve convictions within a five-year period for offenses which constitute a threat to the public safety will not be permitted. We think the logical extension of the plaintiff's argument so obvious, and so dangerous, that no further discussion is warranted. Cf. *Gilmore* v. *Registrar of Motor Vehicles*, 22 Mass. App. Ct. 920, 921 (1986). Any abuse by the registrar of his broad discretion under § 22 and § 22F is subject to cure under G. L. c. 90, § 28, and G. L. c. 30A, § 14. See *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580 (1981); *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 592 (1981).

2. *The plaintiff's civil rights claim.* In affirming the registrar's action, the board wrote a succinct decision which leaves no room for doubt as to the reasons for its action — the plaintiff's record which was attached to the decision. We note in passing that the plaintiff's record included sixteen convictions.

Even were we to regard the board's decision as an insufficient explanation to the plaintiff concerning the revocation of his license, we would not disturb the dismissal of his claim brought under 42 U.S.C. § 1983. See *McNamara* v. *Honeyman*, 406 Mass. 43, 52-53 (1989), and cases therein collected and discussed, including *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58 (1989).

*Judgment affirmed.*

*Stephen M. Acerra, Jr.,* for the plaintiff.
*Peter Sacks,* Assistant Attorney General, for the defendants.