ERIK W. SCANIO *vs.* REGISTRAR OF MOTOR VEHICLES. No. 92-P-666. March 8, 1994. *Injunction. Motor Vehicle,* Habitual traffic offender.

On the basis of the plaintiff's accumulation of thirteen traffic violations between the dates of May 5, 1988, and October 3, 1991, the registrar determined that he was an habitual traffic offender and ordered that, as of March 29, 1992, his license be suspended for four years under G. L. c. 90, § 22F, first par., as amended through St. 1977, c. 560. The plaintiff brought a complaint under G. L. c. 30A, § 14, and applied for a preliminary injunction that would relieve him of the suspension order pending

judicial review of the registrar's determination. The plaintiff's request for injunctive relief was denied by a judge of the Superior Court (as well as a single justice of this court), and he appeals pursuant to G. L. c. 231, § 118, second par. Concluding that the plaintiff failed to make a sufficient showing of irreparable injury or a prospect of success on the merits of his complaint, we affirm the interlocutory order.

1. *The citations.* By written notice dated February 2, 1992, the registrar informed the plaintiff of his intention to revoke his license to drive on the basis that he was an "habitual traffic offender" within the meaning of G. L. c. 90, § 22F. A person may be found an habitual traffic offender upon accumulating, within a five year period, "twelve or more convictions of offenses . . . for which the registrar is authorized or required to suspend or revoke the person's license . . . for a period of thirty days or more . . . ."

Certified copies of the records of the plaintiff's driving offenses were produced at his suspension hearing before the registrar. Those records show that within a period of three years and five months, the plaintiff received eight citations for speeding and one citation for each of the following offenses: failing to stop for a traffic signal, passing improperly, impeding an emergency vehicle, transporting liquor as a minor, and allowing an unlicensed operator to drive.

2. *Discussion.* To avoid the consequence of his driving history, the plaintiff advances an argument which requires a tortured journey through the various sections of c. 90 to arrive at his destination of a tally of less than twelve "convictions." The argument is, essentially, that there can be no "conviction" within the meaning of § 22F unless the violator pays the fine assessed at the conclusion of the hearing on the citation.

If the statutes are read in the manner urged by the plaintiff, a traffic violator could frustrate the purpose of § 22 and remain a threat to public safety by simply failing to pay the assessed fine or to appear at the hearing on the citation. Although such inaction could also result in a license suspension, that suspension could be for a period far less than that called for in § 22. Moreover, the violator would be able to avoid the additional requirements of § 22, that a "driver improvement course" be completed and an "examination as to his competence to operate motor vehicles" be passed before a new license issues.

We doubt the plaintiff's ultimate success on the argument which does not give adequate consideration either to basic rules of statutory construction (see e.g., *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513-514 [1975]; *Healey* v. *Commissioner of Pub. Welfare*, 414 Mass. 18, 25-26 [1992]) or the fact that each of the thirteen citations issued to him shows a final disposition (fine paid, guilty, responsible) which signifies a finding that he drove in the manner for which he had been cited. The irreparable harm which the plaintiff alleges, that he frequently needs to drive to the homes of his employer's clients to install alarm systems, has

too little weight to tip the scales in his favor. See *Gilmore* v. *Registrar of Motor Vehicles*, 22 Mass. App. Ct. 920, 920-921 (1986). The plaintiff's application for injunctive relief was properly denied. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 616-618 (1980).

The order of the judge of the Superior Court denying a preliminary injunction is affirmed.

*So ordered.*

*Richard J. White* for the plaintiff.
*Judy A. Levenson*, Assistant Attorney General, for the defendant.