Hinkle, J.
Petitioner Trevor S. Campbell (“Campbell”) seeks judicial review of a decision of the Registrar of Motor Vehicles (“the Registrar”). The decision, which was affirmed by the Board of Appeals on Motor Vehicle Liability Policies and Bonds (“the Board”), revoked Campbell’s driver’s license for four years for being a habitual traffic offender. All appeals have been timely filed. Upon review of the administrative record, I affirm the Board’s decision.
BACKGROUND
Trevor Campbell accumulated at least 14 convictions for motor vehicle violations within a five year period from February 11, 1989 to February 11, 1994. Those convictions include one conviction for driving while intoxicated, six convictions for speeding, two convictions for improper passing, two convictions for failure to keep right, and one conviction each for refusing to obey police, failure to stop and driving without an inspection sticker.
On February 11, 1994 the Registry of Motor Vehicles held an habitual traffic offender hearing and determined that Campbell had committed more than 12 offenses within a five-year period, requiring that he be deemed an habitual traffic offender under G.L.c. 90, §22F. Accordingly, the Registrar revoked Campbell’s license for four years, commencing February 11, 1994.
Campbell appealed the Registrar’s decision to the Board of Appeal, and a hearing was held on March 29, 1994. At the hearing the Board heard Campbell’s testimony and argument, reviewed the Registrar’s file, considered the issue of hardship and voted to affirm the Registrar’s decision.
On April 28, 1994 Campbell petitioned this Court for judicial review of the revocation, claiming that the Registrar’s decision as affirmed by the Board is erroneous as a matter of law, unsupported by substantial evidence, arbitrary and capricious and in violation of constitutional provisions.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In reviewing an agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages *596 ControlComm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977).
Campbell claims that the records relied upon by the Registrar do not contain the required number of specified convictions enumerated in G.L.c.90, §22F, and that the records relied upon by the Registrar contained convictions for more than five prior years.
Section 22F requires the Registrar to revoke for four years the license of any operator found to be an habitual traffic offender. Under the statute, an operator may be classified as a habitual offender by accumulating within a five-year period either (a) three or more convictions of certain serious offenses specified in section 22F, or (b) “twelve or more convictions of offenses which are required by any provision of law to be reported to the registrar and for which the registrar is authorized or required to suspend or revoke the person’s license or right to operate motor vehicles for a period of thirty days or more, including convictions of the offenses listed above.”
The Registrar’s decision as affirmed by the Board is based on the reasoning that under G.L.c.90, §22F, the Registrar is entitled to include convictions for which the registrar was authorized or required to suspend the license or right to operate for 30 days or more, whether or not the Registrar actually did so. The Registrar’s discretionary authority to suspend or revoke for 30 days for a single offense is independent of the Registrar’s statutory duty to suspend or revoke for 30 days in other circumstances. Among the convictions on Campbell’s record for purposes of revocation under G.L.c.90, §22F were one conviction for driving while intoxicated, six convictions for speeding, two convictions for improper passing, two convictions for failure to keep right, one conviction for refusing to submit to a police officer and one conviction for failure to stop.
Although the Registrar did not actually suspend or revoke Campbell’s license for any one of these offenses (other than the driving while intoxicated), authority to revoke Campbell’s license is found in G.L.c. 90, §22(a) and (b). See Andonian v. Registry of Motor Vehicles, 29 Mass.App.Ct. 942 (1990). Subsection (a) authorizes suspension or revocation where the license holder “has committed a violation of the motor vehicle laws of a nature which would give the registrar reason to believe that continuing operation by such holder is and will be so seriously improper as to constitute an immediate threat to the public safety." Similar action is authorized under subsection (b) “when he has reason to believe the holder thereof is an incompetent person to operate motor vehicles, or is operating a motor vehicle improperly.” I find and rule that the Registrar and the Board’s interpretation of G.L.c. 90, §22F is consistent with its plain language and that Campbell was convicted of the requisite number of includable offenses to be considered an habitual offender under the statute.
Campbell also argues that the decision of the Registrar as affirmed by the Board was erroneous as a matter of law because it treats multiple convictions which are the result of a single incident as separate convictions. The fact that several convictions occurred on the same date, however, does not cause the convictions to be treated as one conviction for purposes of the habitual offender statute. Section 22F provides that convictions occurring within a six-hour period “shall be treated as a single conviction” for the purposes of this statute only “when [the] person . . . has no prior record of an automobile law violation.” G.L.c.90 §22F. Campbell, however, does not qualify for this exception since at the time of the Registrar’s decision his prior driving record included at least twenty-two previous “automobile law violations,” occurring between May 4, 1987 and August 22, 1993.
Campbell also claims that one of the violations listed in his records is erroneous since a citation for failure to stay “within pavement markings” was listed on his record as failure to keep to the right. Even if such offense is erroneously listed, it is still an includable offense in light of G.L.c.90 §22F and G.L.c.90 §22(a) and (b). Additionally, if such an offense were erroneously listed and not includable for purposes of the habitual offender statute, there remains a sufficient number of includable offenses to classify Campbell as an habitual offender.
Finally, Campbell argues that the Registrar is guilty of delay and laches in delaying his notice of intent to revoke. The defense of laches, however, is not available to a defendant where the proceeding is brought by an authorized public agency to enforce the laws of the Commonwealth. Board of Health of Holbrook v. Nelson, 351 Mass. 17, 18 (1965) (doctrine of laches inapplicable to the enforcement of state law by municipal board of health). See also Wang v. Board of Registration in Medicine, 404 Mass. 15, 20 (1989); Carnegie Institute v. Approving Authority, 350 Mass. 26, 30 (1965); Lincoln v. Giles, 317 Mass. 185, 187 (1944).
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment shall enter AFFIRMING the decision of the defendants, Registrar of Motor Vehicles and Board of Appeal on Motor Vehicle Liability Policies and Bonds revoking Trevor S. Campbell’s license for four years.