Kern, Leila R., J.
The plaintiff, Fred Given brought this action pursuant to G.L.c. 30A, §14 to appeal a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds denying his request for a hardship license. Presently before the court is Given’s Motion for Judgment on the Pleadings. For the reasons set forth below, the decision of the Board is affirmed, and the plaintiffs motion is DENIED.
BACKGROUND
The facts are taken from the pleadings and the Administrative Record. Fred Given has three convictions for operating a motor vehicle under the influence (“OUI”). His first two convictions were entered on October 14, 1994 and May 30, 1997, respectively. His most recent conviction was entered on October 31, 2006. On November 24, 2006, following the third conviction, the Registry of Motor Vehicles (“RMV”) suspended Given’s license to operate pursuant to G.L.c. 90, §24(l)(c)(3) which mandates an eight-year license revocation for a third OUI conviction. In December 2008, Given appealed to the Board and requested a hardship license.
Given was granted a hardship license once before, following his second OUI conviction in 1997. After a two-year suspension, Given completed the Middlesex D.U.I.L. program (the second offenders program) and was granted hardship relief. After his third OUI conviction in 2006, Given attended the second offenders program again. His 2006 discharge summary reflects an assessment that he is at a high risk for recidivism.
*450 The Board held a hearing on January 14, 2009. At the hearing, Given testified to the following. Given owns a construction business. Since his driver’s license was suspended in 2006, he has been dependent on his partner for rides to and from work. His partner will soon retire and will no longer be an available source of transportation. Given is the sole financial support for his two children, aged 13 and 15. He provides- $250 a week in child support to his ex-wife who is disabled with Crohn’s disease and unable to work or drive. Given testified that he has been sober since November 1, 2006 and that he attends four to five AA meetings a week.
On April 15, 2009, the Board affirmed the RMMs eight-year suspension of Given’s license, noting that Given had re-offended after receiving hardship relief on his two-year OUI suspension and completing the second offenders program in 1997. The Board also expressed concern that Given’s most recent discharge papers categorize him as at high risk to re-offend. The Board found that Given currently can get to and from work with his partner, and although Given’s partner is soon to retire, this type of inconvenience was contemplated by the Legislature when it enacted G.L.c. 90, §24 . Finding that Given has a life-long problem with alcohol, the Board expressed reluctance to issue another hardship license without substantial proof of ongoing aftercare following the second offenders program. Given did participate in the SMOC aftercare program in 2008, but the Board stated that it still had “concerns that Givens remains a risk to public safety” and invited him to obtain further proof of treatment and counseling, and to reapply in 2010.[1]
Given filed this action for administrative review pursuant to G.L.c. 30A, §14, claiming the Board’s decision affirming the actions of the RMV was unsupported by substantial evidence in violation of c. 30A, §14(7)(e), and that it was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law in violation of c. 30A, §14(7)(g).
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), a court may set aside an agency decision only if “the substantial rights of any party may have been prejudiced” because the agency decision is based on an error of law or on unlawful procedure, arbitrary and capricious, an abuse of discretion, or unwarranted by the facts and unsupported by substantial evidence. Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). In considering whether a decision is supported by substantial evidence, the court considers whether “the cumulative weight of the evidence tends substantially toward opposite inferences.” Cobble v. Commissioner of Dep’t of Soc. Serv., 430 Mass. 385, 391 (1999). In reviewing an agency decision, the court must “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" by statute. G.L.c. 30A, §14(7) (1997); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). Judicial review of an agency decision is confined to the administrative record, and a court may not substitute its judgment for that of the agency. G.L.c. 30A, §14(5); Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Nor may a court reject an administrative agency’s choice between two conflicting views, even though the court justifiably would have made a different choice had the matter been presented de novo. Zoning Bd. of Appeals v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). As the party appealing the Board’s decision, Given bears the burden of demonstrating its invalidity. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Under G.L.c. 90, §24(l)(c)(3 1/2), a previously revoked license may be reinstated on the basis of hardship, however reinstatement shall be granted under such terms and conditions as the Board, in its discretion, deems appropriate and necessary. In this case, the Board balanced the degree of hardship alleged by Given against the degree of risk posed to public safety, and found that the balance weighed in favor of denying Given’s request. See Luk v. Commonwealth, 421 Mass. 415, 426-27 (1995) (the purpose of license revocation “is to protect the public from future harm by depriving the unsafe or irresponsible driver of his or her authority to continue to operate a motor vehicle”).
Given argues that he has demonstrated the need for a hardship license by virtue of his position as owner of a construction business, particularly in light of his family situation (he is the sole earner providing for two dependent children). The Supreme Judicial Court has held that difficulty commuting to and from work is not enough to “tip the scales” in favor of a hardship. Scanio v. Registrar of Motor Vehicles, 36 Mass.App.Ct. 928, 929-30 (1994). In delivering its decision, the Board stated that the Legislature contemplated this kind of inconvenience when it decided that long license suspensions were a necessary measure to protect the public from dangerous drivers. Under G.L.c. 30A, §14(7)(e), the Board’s decision was not arbitrary or capricious, an abuse of discretion, or otherwise violative of the law, and it was supported by substantial evidence. The Board’s decision is therefore affirmed.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs Motion for Judgment on the Pleadings is DENIED. Judgment shall enter for the defendant.

The record is inconsistent as to when in 2010 Given should reapply. Some places in the record state that the board extended an invitation to reapply in February 2010, and other places suggest November 2010.